**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **TRAVIS MILLER #782837** | § | |
| | § | |
| **V.** | § | **A-07-CA-836-SS** |
| | § | |
| **JAN P. PATTERSON,** | § | |
| **DARLENE BYRNE, GREG ABBOTT,** | § | |
| **GREGORY COLEMAN, and** | § | |
| **JOHN DOES OF TX SUP CT** | § | |

<u>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**</u>

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

<u>STATEMENT OF THE CASE</u>

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff, with the assistance of writ writer R. Wayne Johnson, sues Jan P. Patterson, Darlene Byrne, Greg Abbott, Gregory Coleman, and John Does of the Texas  Supreme Court.  He seeks damages in the amount of $2 million against Defendants Abbott and Coleman in their individual capacities. He seeks injunctive relief against all of the defendants in their official capacities.  Specifically, he

requests that the Court order the judge or justices to comply with the First Amendment, the Supremacy Clause and the Fourteenth Amendment.  Generally, he requests that the defendants be enjoined from all illegal conduct raised in his complaint.

According to Plaintiff, Attorney General Greg Abbot, Judge Byrne of the 261st Judicial District Court of Travis County and the justices of the Texas Supreme Court, the Third Court of Appeals of Texas and the Seventh Court of Appeals of Texas refuse to enforce the Supremacy Clause.  Plaintiff cites to several cases in which the judge or justices denied mandamus relief.  Plaintiff fails to point out that all of those mandamus actions were filed by R. Wayne Johnson

Plaintiff also alleges Defendant Coleman subjects inmates confined to administrative segregation to unconstitutional conditions.  Specifically, Plaintiff claims there are unnecessary lights, cold food, no religious services, no school, and no vocational programs.  In addition, he asserts inmates are subjected to false disciplinary actions, no attorney is appointed for the mentally ill and disciplinary rules are not in compliance with state laws and violate due process.  Plaintiff may also be alleging personal and legal property is destroyed in prison.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  An action is frivolous if it lacks an arguable basis in either fact or law.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  A dismissal for frivolousness or maliciousness may occur at any time, before or after service

of process and before or after the defendant's answer.  Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

    B.    Standing

Article III of the Constitution confines the federal courts to deciding actual cases and controversies.  Society of Separationists, Inc. v. Herman, 959 F.2d 1283, 1285 (5th Cir.), cert. denied, 506 U.S. 866, 113 S. Ct. 191 (1992) (citing Allen v. Wright, 468 U.S. 737, 104 S. Ct. 3315, 3324 (1984)).  "The rule that litigants must have standing to invoke the power of the federal courts is perhaps the most important doctrine stemming from the case or controversy requirement."  Id. "Standing defies precise definition, but at the least insists that the complained of injury be real and immediate rather than conjectural, that the injury be traceable to the defendant's allegedly unlawful conduct, and that relief from the injury must be likely to follow from a favorable ruling."  Id.

Plaintiffs in the federal courts "must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction."  O'Shea v. Littleton, 414 U.S. 488, 493, 94 S. Ct. 669, 675 (1974) (quoting Linda R.S. v Richard D., 410 U.S. 614, 617, 93 S. Ct. 1146, 1148 (1973)).  Abstract injury is not enough.  It must be alleged that the plaintiff "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged statute or official conduct.  Id. at 494, 94 S. Ct. at 674 (quoting Massachusetts v. Mellon, 262 U.S.

447, 488, 43 S. Ct. 597, 601 (1923).  The injury or threat of injury must be both "real and immediate, not "conjectural or "hypothetical." Id. (citations omitted).  In determining whether Plaintiff's claims should be dismissed for want of standing, the Court has accepted as true all material allegations of the complaint, and has construed the complaint in favor of the complaining party.  See Warth v. Seldin, 422 U.S. 490, 501, 95 S. Ct. 2197, 2206 (1975).

Plaintiff has no standing to assert claims against the Attorney General and the judge and justices named as defendants in this case.  As mentioned above, none of the mandamus actions of which Plaintiff complains were filed by him.  They were all filed by R. Wayne Johnson.  This is not the first case where R. Wayne Johnson, an inmate barred by the three-strikes provision of the PLRA, has tried to litigate his claims through another inmate's civil rights lawsuit.  See Rhodes v. Coleman, No. A-07-CV-430-LY (W.D. Tex.).  Johnson is doing his fellow inmates no great favor by litigating his claims in their lawsuits.  The filing fees of those lawsuits are being deducted from the unwitting plaintiffs' inmate trust fund accounts and each plaintiff is accumulating a strike under the Prison Litigation Reform Act ("PLRA").  More importantly, Johnson is trying to circumvent the three-strikes bar of the PLRA, the purpose of which is to protect the Court from the filing of frivolous lawsuits.  Plaintiff has overstepped the boundary between providing help to other inmates and committing fraud on the Court.  Inmate R. Wayne Johnson should be warned that future attempts by him to initiate or prosecute his claims in someone else's name will lead to the imposition of a sanction by this Court.  Consequently, the Court may consider a sanction ordering prison officials to refuse any and all requests received from other inmates for a legal visit with Johnson and to ensure that Johnson does not act as an attorney or legal assistant in the preparation of any legal paper to be filed in this Court.

C.    <u>Conclusory Claims</u>

Plaintiff's remaining claims are conclusory in nature and are of the type generally raised by R. Wayne Johnson in his previous attempts at filing a lawsuit.  Plaintiff complains the conditions in administrative segregation are deplorable.  However, he does not allege he has suffered any injury as a result of the conditions.  He additionally complains about the disciplinary procedures in prison. However, he does not allege he has been personally subjected to a disciplinary proceeding or explain why he believes his constitutional rights were violated.  He also alleges personal or legal property is destroyed in prison but does not allege he has lost or damaged property.  In fact in <u>Rhodes v. Coleman</u>, No. A-07-CV-430-LY, Plaintiff complained R. Wayne Johnson's legal and personal property had been lost or destroyed.

Plaintiff's complaint is simply insufficient to state a claim upon which relief can be granted. In the event Plaintiff actually has a claim he wishes to litigate, he should file his own lawsuit supported by factual allegations and should present only his claims, and not the claims of his fellow inmates.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's claims brought against Defendant Patterson, Byrne, Abbott and the John Does of the Texas Supreme Court be dismissed without prejudice for lack of standing.  It is further recommended that Plaintiff's claims brought against Defendant Coleman be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e).  It is finally recommended that Inmate R. Wayne Johnson be warned about the imposition of sanctions.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of October, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

6